# Staunton

### RAYMOND L. JACKSON V. LEROY HODGES, COMPTROLLER OF THE COMMONWEALTH OF VIRGINIA.

September 5, 1940.

Record No. 2307.

Present, All the Justices.

The opinion states the case.

*Leon M. Bazile* and *M. A. Hutchinson,* for the petitioner.

*Abram P. Staples, Attorney-General,* for the respondent.

EGGLESTON, J., delivered the opinion of the court.

The petitioner, Raymond L. Jackson, is Secretary of the Commonwealth and *ex officio* secretary to the Governor of

Virginia for the term expiring on the third Wednesday in January, 1942, pursuant to appointment by the Governor duly confirmed by the General Assembly on February 4, 1938.

On September 1, 1939, by executive order, the Governor authorized an increase in the salary of petitioner from $4,000 to $5,000 per annum, such increase to be paid out of and charged against funds appropriated to the Governor of Virginia "for executive control of the State."

On February 24, 1940, the Attorney General of Virginia rendered an opinion holding that the Governor was without constitutional or statutory power to authorize the increase in petitioner's salary, and that such increase was violative of the provisions of section 83 of the Constitution.

The Comptroller of Virginia, having taken official notice of the opinion of the Attorney General, declined to pay petitioner any part of the increase in salary authorized by the Governor. Thereupon the present petition was filed in this court praying for mandamus to compel the Comptroller to issue his warrants in favor of petitioner for compensation claimed to be due and to become due by virtue of the executive order of the Governor authorizing such increase in petitioner's salary.

Article V of the Virginia Constitution (sections 69-86a, both inclusive) provides for and creates the offices of the Executive Department of the State government. Section 80 creates the office of Secretary of the Commonwealth, provides for his appointment by the Governor, subject to confirmation by the General Assembly, for a four-year term, coincident with that of the Governor, and provides that, "The powers and duties of the secretary of the. Commonwealth shall be prescribed by law."

By Acts of 1930, ch. 71, p. 82, the General Assembly imposed upon the Secretary of the Commonwealth, in addition to other duties, those of *"ex-officio* secretary to the governor."

Section 83 of the Constitution provides that the salaries of each of the officers of the Executive Department (which

includes the Secretary of the Commonwealth) "shall be fixed by law, and shall not be increased or diminished during his term of office."

The petitioner contends that the increase of salary was granted to him because of additional duties, unrelated to those of Secretary of the Commonwealth, imposed upon him by both the General Assembly and the Governor, and that such salary increase made in consideration of such additional duties, was authorized by law and was not in violation of section 83 of the Constitution under the ruling of this court in *Moore* v. *Moore*, 147 Va. 460, 137 S. E. 488, 51 A. L. R. 1517.

The petitioner points out that he is required to perform additional duties under the Soil Conservation Act (Acts 1938, ch. 394, p. 724), the Lobbying Act (Acts 1938, ch. 85, p. 148), and the "State Registration Board for Contractors" Act (Acts 1938, ch. 431, p. 969).

He also points out that the Governor has appointed him administrator of the out-of-State Parolee Supervision Act (Acts 1938, ch. 444, p. 1001), and that "He has been required by the Governor, as *ex officio* secretary to the Governor, to act as chief investigating officer in the investigation and study of thousands of applications for pardons."

But it does not necessarily follow that by reason of the imposition of these additional duties the Governor had the power and authority to increase petitioner's salary.

The Constitution places the duty and responsibility of fixing the salary of the Secretary of the Commonwealth on the General Assembly and not on the chief executive of the State. Section 83 provides that the salary of that officer "shall be fixed by law." The General Assembly is the legislative branch of the government and is clothed with the power and duty of enacting laws. Constitution, secs. 40*ff*.

In the instant case the General Assembly has fixed the salary of the "Secretary of the Commonwealth and *ex-officio* secretary to the Governor" at a sum "not exceeding

$4,000" for the 1938-1940 biennium (Acts 1938, ch. 428, pp. 798, 870) and for the 1940-1942 biennium (Acts 1940, ch. 425, p. 770), which covers petitioner's entire term of office.

In none of the statutes which the petitioner correctly points out have placed additional duties on the Secretary of the Commonwealth has the General Assembly seen fit to provide for additional compensation to the office.

The duties which the Governor has placed on the petitioner as chief investigator of applications for pardons are alleged in the petition to have been required by the Governor of the petitioner "as *ex-officio* Secretary to the Governor." By the Acts of 1930, ch. 71, p. 82, long before the petitioner came into office, the General Assembly made the Secretary of the Commonwealth *"ex-officio* secretary to the governor,"* which placed upon him the responsibility of performing such duties as the latter position required. No provision was made by the General Assembly for additional compensation for the added duties of secretary to the governor.

While the petitioner concedes that there is no express legislative provision for additional compensation for the additional duties placed on his office, he contends that the General Assembly has by implication delegated to the Governor the power to grant such added compensation. Here the argument is that the General Assembly has appropriated to the Governor "for executive control of the State" during his term of office, certain sums, and that the expenditure of these amounts is within the absolute discretion of the Governor. For example, it is said that for the year ending June 30, 1940, there is appropriated to the Governor "for executive control of the State, $45,055." After providing for the payment out of this amount for the salary of the Governor and the salary of the Secretary of the Commonwealth and *ex officio* secretary to the Governor, the bill appropriates the sum of $22,110 for "additional employees, wages and special payments" (Acts 1938, ch. 428, p. 870. See also, Acts 1940, ch. 425, p. 770). It is claimed that the

Governor has the implied authority to increase petitioner's salary out of this item.

The trouble with this argument is that it overlooks the plain fact that the Appropriation Act fixes the salary of the "Secretary of the Commonwealth, and *ex-officio* secretary to the Governor" at a sum "not exceeding $4,000." In the face of this express language, how can it be argued that there is an implied authority to increase this salary out of the item fixed for "additional employees," etc.?

In our opinion the Appropriation Act delegates to the Governor no more right to increase the salary of the Secretary of the Commonwealth beyond the figure fixed in the act than it does to increase his own salary. The appropriation in each instance is clear and specific.

Manifestly the appropriation of an additional sum to the Governor for "additional employees," etc., refers to the subordinate employees in his office and not to a constitutional officer whose salary the Constitution (sec. 83, *supra*) says shall not be increased during his term of office.

*Moore* v. *Moore, supra,* relied upon by the petitioner, is not in point. In that case the statute (Acts 1924, ch. 305, p. 460) transferred from local officers to the Auditor of Public Accounts the duty of collecting inheritance taxes, and provided that the State officer should receive $1,000 per annum, payable out of the funds collected by him, for the additional duties thereby imposed upon him. This court held that this statute did not constitute an increase in salary of this officer in violation of section 83 of the Constitution for the reason that the General Assembly,—that is, the legislative branch of the government which imposed the additional duties not within the scope of the constitutional office,—had the right to provide additional compensation to the officer for their performance. That case recognized that the duty and right of compensating a public official was legislative.

In the instant case, as we have seen, the legislative branch of the government, in its discretion, has not granted to the

petitioner added compensation for the added duties imposed upon his office.

It is argued that the petitioner holds two separate offices, the constitutional office of Secretary of the Commonwealth and the statutory office of secretary to the Governor, and that the salary increase to petitioner as secretary to the Governor is not within the constitutional restriction of section 83 of the Constitution.

 The conclusive answer to this argument is that section 80 of the Constitution provides that the "duties of the secretary of the Commonwealth shall be prescribed by law," and the General Assembly has by the Acts of 1930, ch. 71, p. 82, placed upon the Secretary of the Commonwealth, as such, the additional duties of secretary to the Governor. The statute does not define any specific duties to be performed, but obviously contemplates that the secretary to the Governor should discharge such duties in that capacity as the Governor might assign to him. These duties may change from time to time, but whatever they are they are expressly imposed upon him by virtue of his office of Secretary of the Commonwealth.

Furthermore, since the General Assembly did not undertake to specifically define or in any way limit the *ex officio* duties, it is difficult to perceive upon what theory any duty the Governor may require that officer to perform could be considered an additional duty.

The petitioner next contends that the constitutional office of Secretary of the Commonwealth has been abolished and in its place the General Assembly has created a statutory office of Secretary of the Commonwealth and *ex officio* secretary to the Governor, and that, therefore, the increase in his salary by the Governor is not within the prohibition of section 83 of the Constitution.

The last paragraph of section 80 of the Constitution, as amended in 1928, provides: "On and after the first day of February, nineteen hundred and thirty, the general assembly may abolish the office of secretary of the commonwealth."

In anticipation of the adoption of this amendment, in 1927 the General Assembly passed an act to reorganize the administration of the State government (Acts, Ex. Sess. 1927, ch. 33, p. 103). This act provides in part as follows:

"Section 3. Division of Records.—The Secretary of the. Commonwealth shall be in direct charge of the Division of Records. All the powers conferred and all the duties imposed by the Constitution and by law upon the Secretary of the Commonwealth shall continue to be exercised or performed by him. But if and when the office of Secretary of the Commonwealth shall be abolished by constitutional amendment, or if and when the Constitution of Virginia shall be so amended as to make constitutional and valid the abolition of such office by legislation, such office by virtue hereof shall be thereupon *ipso facto* abolished, and the provisions contained in the following paragraphs (a), (b), (c) and (d) shall be thereupon in force and effect, that is to say:

"(a) The secretary to the Governor, whose official title shall be Secretary of State, shall be in direct charge of the Division of Records, and thereupon, in addition to his other duties, and except as hereinafter provided, he shall, under the direction and control of the Governor, and with such assistance as may be necessary, exercise such powers and perform such duties as were required of the Secretary of the Commonwealth on the day before the abolition of such office. * * * "

The Acts of 1930 (Acts 1930, ch. 71, p. 82) amended section 3 of chapter 33 of the Acts of the Extra Session of 1927 to read in part as follows:

"Section 3. Division of Records:—The secretary of the Commonwealth, who shall be *ex-officio* secretary to the governor, shall be in direct charge of the division of records. All the powers conferred and all the duties imposed by the Constitution and by law upon the secretary of the Commonwealth shall continue to be exercised or performed by him, except as in this section provided."

The petitioner contends that the effect of this constitutional amendment and these legislative enactments was to abolish the constitutional office of Secretary of the Commonwealth and to create in its stead the statutory office of "Secretary of the Commonwealth, who shall be *ex-officio* secretary to the Governor."

 This position, we think, is unsound. The power to abolish the office of Secretary of the Commonwealth, provided for in the amendment to section 80 of the Constitution, was in plain language restricted to legislation to be enacted on or after February 1, 1930. The language is, "On and after the first day of February, nineteen hundred and thirty, the general assembly may abolish the office of secretary of the Commonwealth." The power did not come into existence until the date set. Obviously it could not be exercised before that time because it did not exist.

Therefore, in our opinion, so much of the Acts of 1927, Ex. Sess., ch. 33, p. 103, as provided for the abolition of the office of Secretary of the Commonwealth was unconstitutional and invalid.

Indeed, it appears that on December 9, 1929, Honorable Leon M. Bazile, then Assistant Attorney General (now of counsel for the petitioner), rendered to the Governor of Virginia an opinion to this effect based on the same reasoning.

This ruling of the Assistant Attorney General was acquiesced in by both the executive and legislative branches of the government. On January 8, 1930, the Governor in his message to the General Assembly advised that body that, "Section 3 of the (1927) Administrative act, abolishing the office of the Secretary of the Commonwealth, has been declared unconstitutional by the Attorney General, as the amendment to the Constitution had not then been adopted making possible this abolition. I assume that it will be your pleasure to correct this legal defect and thus make complete a reorganization program which has attracted the attention of many students of government in and out of the

State for its completeness and simplicity." (Sen. Doc. No. 1, Sen. Jour. 1930.)

It is obvious from the foregoing statement that the Governor expected the General Assembly of 1930 to enact appropriate legislation to abolish the office of Secretary of the Commonwealth. But that body did not follow this recommendation, for it appears from the Acts of 1930, ch. 71, p. 82, that the General Assembly amended and re-enacted section 3 of the 1927 Act by eliminating the provision in section 3, *supra,* for the abolition of the office, and by further providing that, "All the powers conferred and all the duties imposed by the Constitution and by law upon the secretary of the Commonwealth shall continue to be exercised or performed by him, except as in this section provided."

Moreover, the 1930 Act also provides that all the powers and duties imposed by law upon the Secretary of the Commonwealth as the statutory agent of foreign corporations "shall remain unaffected and unimpaired; and the secretary of the Commonwealth shall continue to be the statutory agent of such foreign corporations and such foreign promoters; * * * ."

It is manifest that these statutory provisions are absolutely inconsistent with any intent to abolish the office.

Again, the 1930 Act which the petitioner claims creates the statutory office, provides no term of office, no method of appointment, nor does it provide for confirmation by the General Assembly. These are found in section 80 of the Constitution.

The method of appointment, the term, and the confirmation, as provided for by section 80 of the Constitution, have been applied in the case of the petitioner as well as in that of each of his two predecessors in office since 1930. This, we think, is conclusive evidence of the acceptance by the executive and the General Assembly of the fact that the constitutional office of Secretary of the Commonwealth was not abolished by the Act of 1927 and the Act of 1930.

It is next argued that from 1930 to the present date, the General Assembly has made no direct appropriation to the office of Secretary of the Commonwealth, but instead has provided for the payment of the expenses of the office through the appropriation made for the operation of the Governor's office. This, it is said, shows that the General Assembly considers the office to be "an integral part of the Governor's office," and evidences an intent on the part of the legislature to abolish by implication the constitutional office pursuant to the power vested in it by the 1928 amendment to section 80 of the Constitution.

There are several answers to this argument. In the first place, there is no constitutional requirement that the salary of this officer shall be provided for in any particular form of appropriation.

In the next place, it is inconceivable that the General Assembly would have expressly provided in the 1930 Act (Acts 1930, ch. 71, p. 82) for the continuation of the office and the duties thereof if in the Appropriation Act of the same session it intended by the mere form of the appropriation to abolish the office by implication.

Our conclusion, then, is that the constitutional office of Secretary of the Commonwealth has not been abolished.

It follows from what has been said that the increase in petitioner's salary is unauthorized by law and is, therefore, invalid. Accordingly the mandamus is denied.

*Mandamus denied.*